IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

**UNITED STATES OF AMERICA**                                   **RESPONDENT**

v.                                          No. 1:09-cr-10022

**WARSAW WILLIAMS**
                                                                  **MOVANT**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 34) filed herein by **WARSAW WILLIAMS**, (hereinafter referred to as "Williams") an inmate confined at the Federal Correctional Institution, Beaumont, Texas. The Motion was referred for findings of fact, conclusions of law and recommendations for the disposition of the case. The United States of America (hereinafter referred to as the "Government") has responded to the Motion and does not object to the relief sought. ECF No. 36. The Court has considered the entire record and the matter is ready for decision.

1. **Procedural Background**:

Williams was named in a one-count Indictment returned by the Federal Grand Jury for the Western District of Arkansas on December 9, 2009. ECF No. 1. He was charged with possession with intent to distribute more than 50 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1). He entered a not guilty plea at his initial appearance, but later changed that plea to guilty pursuant to a written plea agreement he entered with the Government. The plea agreement stipulated Williams would be held accountable for at least 150 grams but less than 500 grams of cocaine base. On April 16, 2010, the Hon. Harry F. Barnes accepted his plea and ordered a Pre-Sentence Report.

ECF No. 14.

On August 10, 2010, the Fair Sentencing Act ("FSA") went into effect increasing the drug amounts necessary to trigger a mandatory minimum sentence for crack trafficking offenses from 5 grams to 28 grams in respect to the 5-year minimum and from 50 grams to 280 grams in respect to the 10-year minimum.  *See*, Fair Sentencing Act of 2010, Pub.L. 111-220, 124 Stat. 2372; *see also Dorsey v. United States*, - - - U.S. - - -, 132 S.Ct. 2321, 2329 (2012).

The United States Probation Office prepared a PSR.  ECF No. 24 (filed under seal). Williams, through counsel, filed a Sentencing Memorandum on November 9, 2011.  Based on the amount of crack cocain, the PSR set Williams's base offense level at 32.  Williams was found to be a career offender and his offense level was accordingly increased to a level 37 pursuant to U.S.S.G. § 4B1.1(b)(A). After receiving a 3-level reduction for acceptance of responsibility, Williams's total offense level was determined to be 34.  With a total offense level of 34 and criminal history category VI, Williams's Guidelines range for imprisonment was 262 to 327 months.

On April 7, 2011, Judge Barnes conducted a sentencing hearing.  ECF No. 23.  At the hearing, the Court granted the Government's motion for a reduction in the offense level for substantial assistance resulting in Williams's final offense level to be 32 and a criminal history category of VI.  This resulted in a range of imprisonment of 210 months to 262 months. The Court sentenced Williams to 210 months imprisonment, 5 years supervised release, and $100 special assessment.  ECF No. 25.

Williams initially filed a Motion for Modification for Reduction of Sentencing.  This Motion was denied, as filed,  because his sentence was based on the career offender application rather than the quantity of controlled substance at issue.  ECF No. 32.

**2. Instant Petition**:

Williams filed his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. §2255 seeking to reduce his sentence pursuant to the retroactive application of the FSA by *Dorsey v. United States*. ECF No. 34. The Court directed a response and the Government filed its Response on March 8, 2013. ECF No. 36. The Government in its response agrees the FSA should be retroactively applied in this case and also agrees the proper sentence to be imposed against Williams is 151 months imprisonment.

**3. Discussion**:

A § 2255 motion is fundamentally different from a direct appeal. The Court will not reconsider an issue, which was decided on direct appeal, in a motion to vacate pursuant to § 2255. *See United States v. Davis*, 406 F.3d 505, 511 (8th Cir. 2005); *Dall v. United States*, 957 F.2d 571, 572 (8th Cir.1992) ( "Claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255 ."). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). Williams seeks retroactive application of the FSA based on *Dorsey*.

On August 3, 2010, Congress enacted the FSA to reduce the sentencing disparities between powder and cocaine base or "crack cocaine." *See* 21 U.S.C. § 841; 124 Stat. 2372. The FSA increased the necessary quantity of crack cocaine to trigger the 10 years to life statutory penalty range under 21 U.S.C. § 841(b)(1)(A)(iii) from 50 grams to 280 grams. *Id*. The FSA also increased the necessary quantity of cocaine base to trigger the 5 year to 40 year statutory penalty range under 21

U.S.C. § 841(b)(1)(B)(iii) from 5 grams to 28 grams. Then, on June 21, 2012, the Supreme Court concluded that "Congress intended the Fair Sentencing Act's new, lower mandatory minimums to apply to the post-Act sentencing of pre-Act offenders." *Dorsey*, 132 S.Ct. at 2335. Therefore, defendants whose illegal conduct occurred before August 3, 2010 and whose sentencing occurred after August 3, 2010 are entitled to receive the benefit of the new statutory mandatory penalty provisions prescribed by the FSA.

Williams's case is the type addressed by the Supreme Court in *Dorsey*. As alleged in the Indictment, he committed the offense on or about November 30, 2009, before the FSA's enactment. However, he was not sentenced until April 7, 2011, after the FSA's enactment. Accordingly, William is entitled to the benefits of retroactive application of the FSA pursuant to *Dorsey*.

**4. New Sentence Calculation**:

Williams pled guilty to knowingly possessing with intent to distribute 50 grams or more of cocaine base and was sentenced based on 265.3 grams of cocaine base. Under pre-FSA law in effect at the time, the minimum term of imprisonment was 10 years and the maximum term of imprisonment was life. *See* 21 U.S.C. § 841(b)(1)(A)(iii) (2009 ed.). He was determined to be a career offender and therefore subject to a statutory maximum of life imprisonment. Accordingly, the statutory maximum required a base offense level of 37 under the career offender guideline. U.S.S.G. § 4B1.1(b)(3). Following the Court's application of a three-level reduction for acceptance of responsibility, Williams's total offense level was determined to be 34. Combined with a criminal history category VI, his resulting guideline range of imprisonment was 210-262 months.

Because Dorsey mandates retroactive application of the FSA, Williams's statutory maximum sentence should be 40 years rather than life. *See* 21 U.S.C. § 841(b)(1)(B)(iii) (2010). Using a

maximum sentence of 40 years results in a base offense level 34, rather than 37, when applying the career offender guideline. *See* U.S.S.G. § 4B1.1(b)(3). If the Court then applies the same three-level reduction for acceptance of responsibility, and two-level reduction for substantial assistance, the total offense level for Williams is 29. When applied to the guidelines in criminal history category VI, this results in a guideline range of 151-188 months imprisonment. The Government agrees with this calculation and does not object to the Court re-sentencing Williams and imposing a sentence of 151 months.

**5. Recommendation**:

Accordingly, based on the foregoing, it is recommended the instant Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 34) be **GRANTED**. It is recommended Williams be re-sentenced to a term of 151 months imprisonment as discussed above.

**The parties have fourteen (14) days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

**DATED** this **7th day of April 2013.**

    /s/ Barry A. Bryant  
HON. BARRY A. BRYANT  
U.S. MAGISTRATE JUDGE